IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ETTA JALLOH                             )
1125 First Terrace NW                   )
Washington, DC  20001,                  )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
DISTRICT OF COLUMBIA                    )
One Judiciary Square                    )
441 Fourth Street, NW                   )
Washington, DC  20001,                  )
                    Defendant.          )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Etta Jalloh, on behalf of her minor ward R.H. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1.   This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment: 1) ordering the Defendant to fund R.H.'s placement at Rock Creek Academy; 2) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA by failing to perform a psychoeducational evaluation and a speech and language evaluation since June 16, 2004; 3) declaring that DCPS violated the IDEA by failing to provide R.H. with necessary specialized instruction and related services since June 16, 2004; 4) declaring that DCPS violated the IDEA by failing to provide R.H. with an appropriate educational placement since June 16, 2004; and 5) ordering DCPS to convene a multidisciplinary team meeting to develop a compensatory education plan to compensate

R.H. for harm done him by those past violations.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.      The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer granted the Plaintiff some of her requested relief and denied her the rest.

## PARTIES

4.      Etta Jalloh is the adult guardian of R.H., an eleven-year-old boy. Ms. Jalloh and R.H. reside together in Washington, DC.

5.      The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.      The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7.      As of June 16, 2004, DCPS had placed R.H. at the Center for Life Enrichment ("CLE"), a private special education school in the District of Columbia, pursuant to a prior administrative order.

8.      On June 16, 2004, DCPS changed R.H.'s school placement from CLE to Hamilton Center, a DCPS school.

9.  On June 16, 2004, DCPS issued to the Plaintiff a document entitled "Prior to Action Notice."

10. DCPS has issued no other document intended to serve as a "prior notice," as that term is used in 20 U.S.C. § 1415, related to the change in R.H.'s placement from CLE to the Hamilton Center.

11. The only explanation for the change in placement stated in the June 16, 2004 "Prior to Action Notice" is the statement: "DCPS feels that Hamilton Center is an appropriate placement that can meet [R.H.'s] needs."

12. In the June 16, 2004 "Prior to Action Notice," the only description of options other than the change in placement to Hamilton Center and the reasons why those options were rejected is as follows: "Parent and Advocate disagree and have proposed Episcopal, High Road and Rock Creek. When DCPS has an appropriate program it gives first priority to that prog."

13. The June 16, 2004 "Prior to Action Notice" does not contain a description of any evaluation procedure, assessment, record, or report DCPS used as a basis for the change in placement.

14. The June 16, 2004 "Prior to Action Notice" does not contain a description of the factors relevant to DCPS' decision to change the placement other than the statements quoted in Paragraphs 11 and 12, above.

15. At a multidisciplinary team ("MDT") meeting convened by DCPS on July 19, 2006, the Plaintiff requested a change in placement for R.H.. DCPS rejected the Plaintiff's request.

16. DCPS has not issued any written notice to the Plaintiff explaining its rejection of her July 19, 2006 request for a change in placement.

17. DCPS has not issued any written statement to the Plaintiff, regarding its rejection of her July 19, 2006 request for a change in placement, that contains a description of options other than continued placement at Hamilton Center and the reasons for the rejection of those options.

18. DCPS has not issued any written statement to the Plaintiff, regarding its rejection of her July 19, 2006 request for a change in placement, that contains a description of every evaluation procedure, assessment, record, or report DCPS used as a basis for the rejection.

19. DCPS has not issued any written statement to the Plaintiff, regarding its rejection of her July 19, 2006 request for a change in placement, that contains a description of the factors relevant to that rejection.

20. DCPS's placement of R.H. at Hamilton Center was not and is not reasonably tailored to provide him with educational benefit.

21. Hamilton Center has not provided R.H. with educational benefit.

22. DCPS developed a draft Individualized Education Program ("IEP") for R.H. on June 16, 2004.

23. DCPS developed an IEP for R.H. on July 19, 2006.

24. DCPS has not provided R.H. with the specialized instruction and related services prescribed in his June 16, 2004 draft IEP and his July 19, 2006 IEP.

25. At a June 16, 2004 MDT meeting, the team recommended the completion of a psychoeducational evaluation and a speech and language evaluation of R.H..

26.     DCPS did not complete a psychoeducational evaluation of R.H. from June 16, 2004 through July 31, 2006.

27.     DCPS did not complete a psychoeducational evaluation of R.H. from July 31, 2006 through September 29, 2006.

28.     DCPS did not complete a speech and language evaluation of R.H. from June 16, 2004 through July 31, 2006.

29.     DCPS did not complete a speech and language evaluation of R.H. from July 31, 2006 through September 29, 2006.

30.     On July 31, 2006, the Plaintiff filed an administrative "due process complaint" against DCPS pursuant to the IDEA.

31.     The due process complaint alleged that DCPS had violated the IDEA by failing "to conduct and review evaluations [of R.H.] in all areas of suspected disability[;] . . . to develop adequate IEPs [for R.H.;] . . . to provide [R.H. with] necessary special education and related services[;] . . . [and] to provide an appropriate placement."

32.     The due process complaint further alleged, *inter alia,* as follows: "At an MDT convened at the Center for Life Enrichment ("CLE") on June 16, 2004...[the Team] recommended completion of psychoeducational and speech and language evaluations by DCPS[.]...DCPS has not completed a speech and language evaluation of [R.H.] since June 16, 2004 or a psychoeducational evaluation of [R.H.] since June 16, 2004....At an MDT meeting convened at Hamilton Center on July 19, 2006...[the Petitioner] requested a change of placement for the 2006-2007 SY....[R.H.] has not received psychological services from Hamilton Center since April of 2005....The Petitioner is referring [R.H.] for admission into several appropriate private placements."

33.  On August 16, 2006, DCPS sent a document to the Petitioner entitled "District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice" ("Response").

34.  DCPS has issued no document other than the August 16, 2006 Response intended by DCPS to serve as a response to the Plaintiff's due process complaint, as the term "response" is used in 20 U.S.C. § 1415(c)(2)(B)(i)(I).

35.  Excluding the letterhead, caption, signature, certificate of service and other such non-substantive terms, the entirety of the text of the Response is as follows: "The District of Columbia Public Schools (hereinafter 'DCPS'), by and through the undersigned Attorney Advisor, hereby provides its <u>Response</u> to the Administrative Due Process Complaint Notice ("Complaint") filed on or about August 1, 2006 on behalf of the parent of [R.H.]...pursuant to the Individual's [sic] with Disabilities Education Improvement Act (hereinafter "IDEA 04"), 20 U.S.C. § 1415(c)(2)(B)(i)(I).[footnote noted here in text, but no actual footnote evident in document] Specifically, DCPS asserts the following:  1. DCPS denies the allegation that it failed to complete a speech and language evaluatin [sic] and a psycho-educational evaluation. Recommendations are not mandates for the MDT team to follow. Two years have elapsed since June 16, 2004 and DCPS has no record of the parent requesting either of these evaluations. 2. DCPS denies the allegation the Hamilton Center is not reasonably calculated to provide a Free and Appropriate Education to this student."

36.  On September 29, 2006, the due process complaint was heard at an administrative "due process hearing" ("hearing").

37. At the hearing, the Hearing Officer denied the Plaintiff's motion for default based on the alleged insufficiency of the Response.

38. On October 13, 2006, the Hearing Officer issued a Hearing Officer's Determination ("HOD") resolving the due process complaint.

39. In the HOD, the Hearing Officer reported that "The Hearing Officer concluded during the hearing that DCPS' response to the complaint did not warrant a default decision and concluded that DCPS was not strictly limited to assertions made in its response in presenting its defense to any alleged violations and/or denials of FAPE.

40. In the HOD, the Hearing Officer made no other statement regarding his refusal to grant a default for insufficiency of the Response.

41. In the HOD, the Hearing Officer found that "Rock Creek [Academy] can provide [R.H.] . . . specialized instruction and related services prescribed by his most recent IEP."

## COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

42. The allegations of Paragraphs 1-41 above are incorporated herein as if repeated verbatim.

43. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

44. DCPS' failures to provide R.H. with an appropriate educational placement, to provide him with all necessary instruction and services, and to perform all necessary evaluations of him have denied and continue to deny R.H. his right to FAPE under the IDEA.

45. As a result of this denial, R.H. has experienced and continues to experience harm to his educational development.

## COUNT II: FAILURE TO PERFORM EVALUATIONS

46. The allegations of Paragraphs 1-45 above are incorporated herein as if repeated verbatim.

47. The IDEA requires DCPS to perform an evaluation for any child with a disability in its jurisdiction when DCPS determines that the child's needs warrant the evaluation, or the child's parents or teacher requests the evaluation.

48. DCPS violated the IDEA when it failed to perform evaluations recommended by the MDT.

49. As a result of this violation, R.H. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) order the Defendant to fund R.H.'s placement at Rock Creek Academy;

2) declare that DCPS violated the IDEA by failing to perform a psychoeducational evaluation and a speech and language evaluation since June 16, 2004;

3) declare that DCPS violated the IDEA by failing to provide R.H. with necessary specialized instruction and related services since June 16, 2004;

4) declare that DCPS violated the IDEA by failing to provide R.H. with an appropriate educational placement since June 16, 2004;

5) order DCPS to convene a multidisciplinary team meeting to develop a compensatory education plan to compensate R.H. for harm done him by DCPS' violations of the IDEA;

6) award the Plaintiff attorneys' fees and costs of this action;

7)  award any other relief the Court deems just.

                                        Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone:  (202) 265-4260
Fax:  (202) 265-4264

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Etta Jalloh, on behalf of her minor child, R.H.  11001 | District of Columbia |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas Tyrka,
Tyrka & Associates, LLC
1726 Connecticut Ave, NW
Suite 400
Washington, DC 20009

CASE NUMBER 1:07CV00063
JUDGE: Rosemary M. Collyer
DECK TYPE: Administrative Agency Rev
DATE STAMP: 01/11/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ *... Employment Discrimination* | ○ I. *FOIA/P.. /ACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
- (●) 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1400 et. seq. IDEA case for private placement

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  01/11/06    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.