UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Etta Jalloh, on behalf of her minor child, R.H., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No.07-0063 (RMC) |
| District of Columbia, | ) ) | |
| Defendant. | ) | |

ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1. Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 1. The remaining allegations contained in paragraph numbered 1 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

2. Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 2, but deny that venue is necessarily authorized or proper solely by reason thereof.

3. Defendant admits the plaintiff participated in an impartial administrative hearing conducted by DCPS State Enforcement and Investigation Division. The Hearing Officer's Determination (HOD) speaks for itself regarding the remaining allegations contained in paragraph numbered 3.

    4.  The allegations contained in paragraph numbered 4 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

    5.  Defendant admits the allegation that the District of Columbia is a municipal corporation.

    6.  Defendant admits the District of Columbia Public Schools (DCPS), is an agency of the District of Columbia.

    7-9.  Defendant admits the allegations contained in paragraphs numbered 7 through 9.

    10-14.  The allegations contained in paragraphs numbered 10 through 14 are denied.

    15.  Defendant admits a multidisciplinary team (MDT) meeting was convened by DCPS on July 19, 2006, and that plaintiff requested a change of placement for R.H. but that DCPS concluded that the student's current placement was appropriate.

    16-21.  The allegations contained in paragraphs numbered 16 through 21 are denied.

    22-23.  Defendant admits the allegations contained in paragraphs numbered 22 through 23.

    24.  The allegations contained in paragraph numbered 24 are denied.

    25.  The allegations contained in paragraph numbered 25 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required, then the same are denied. The notes of the June 16, 2004 MDT meeting speak for themselves.

26-29.  The allegations contained in paragraphs numbered 26 through 29 are denied.

30.  Defendant admits the allegations contained in paragraph numbered 30.

31-32.  The allegations contained in paragraphs numbered 31-32 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required, then the same are denied. The due process complaint speaks for itself.

33.  Defendant admits the allegations contained in paragraph numbered 33.

34.  The allegations contained in paragraph numbered 34 are denied.

35.  The allegations contained in paragraph numbered 35 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required, then the same are denied. The Response to the due process complaint speaks for itself.

36-38.  Defendant admits the allegations contained in paragraphs numbered 36 through 38.

39-41.  The allegations contained in paragraphs numbered 39 through 41 are a characterization of the Hearing Officers Determination (HOD). The HOD speaks for itself.

42.  Defendant incorporates by reference its answers to paragraphs numbered 1 through 41.

43.  Defendant admits the allegations contained in paragraph numbered 43.

44-45.  The allegations contained in paragraphs numbered 44 through 45 are denied.

46.  Defendant incorporates by reference its answers to paragraphs numbered 1 through 45.

47. The allegations contained in paragraph numbered 47 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

48-49. The allegations contained in paragraphs numbered 48 through 49 are denied.

Further answering the complaint, defendant denies all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

February 5, 2007