UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
Etta Jalloh, on behalf of her
 minor child, R.H.,           )

         Plaintiffs,       )

          v.           )       Civil Action No.07-0063 (RMC)
District of Columbia,
                        )

         Defendant.
_____)

## DEFENDANT'S AMENDED ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1.  Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 1. The remaining allegations contained in paragraph numbered 1 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required, then the same are denied.

2.  Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 2, but deny that venue is necessarily authorized or proper solely by reason thereof.

3.  Defendant admits the plaintiff participated in an impartial administrative hearing conducted by DCPS State Enforcement and Investigation Division.  The Hearing Officer's Determination (HOD) speaks for itself regarding the remaining allegations contained in paragraph numbered 3.

4.  The allegations contained in paragraph numbered 4 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

5.  Defendant admits the allegation that the District of Columbia is a municipal corporation.

6.  Defendant admits the District of Columbia Public Schools (DCPS), is an agency of the District of Columbia.

7-10. Defendant admits the allegations contained in paragraphs numbered 7 through 10.

11.  Defendant denies the allegations contained in paragraph 11 of the Complaint. The Prior Action of Notice provides the further explanation that "when DCPS has an appropriate program it gives first priority to that prog."

12-14. The allegations contained in paragraphs numbered 12-14 are conclusions of the pleader to which no response is required.  To the extent a response is required, defendant responds that the June 16, 2004 Multidisciplinary Team Continuation Meeting Notes, attached to the "Prior Action Notice" state that "Hamilton also offers small class size, behavior intervention, related services….Noyes Program is moving out at the end of the school year.  Kinsler, who has review[ed] his records, feels that Hamilton can offer an appropriate placement.  DCPS feels that Hamilton Center is an appropriate setting and can meet the IEP requirements" (See Ex. 1)[1]

---

[1] Defendant is attaching a copy of the Multidisciplinary Team Continuation Meeting Notes marked as defendant's Ex. 1, as per the Court's April 2, 2007 Scheduling Order.

15.  Defendant admits a multidisciplinary team (MDT) meeting was convened by DCPS on July 19, 2006, and that plaintiff requested a change of placement for R.H. but that DCPS concluded the student's current placement was appropriate.

16.  The allegations contained in paragraph numbered 16 are denied.  Upon receiving plaintiff's request for due process hearing on July 31, 2006, Mr. Chuck C. Ugoji responded to plaintiff stating that "Rashaw's placement at this time appears appropriate until we reconveve (sic) another meeting in late August 2006." (See Ex. 2)[2]

17. Defendant admits the allegations contained in paragraph numbered 17 of the Complaint.

18. The allegations contained in paragraph numbered 18 are conclusions of the pleader to which no response is required.  To the extent a response is required, defendant responds that upon receiving plaintiff's request for due process hearing on July 31, 2006, Mr. Chuck C. Ugoji responded to plaintiff stating that "[a] Clinical Evaluation was completed on 7/18/06 and Psycho-educational evaluation was completed in January 17, 2005."  (See Ex. 2)

19. The allegations contained in paragraph numbered 19 are denied.  Upon receiving plaintiff's request for due process hearing on July 31, 2006, Mr. Chuck C. Ugoji responded to plaintiff stating that "Rashaw's placement at this time appears appropriate until we reconveve (sic) another meeting in late August 2006."  (See Ex. 2)

20-21. Defendant denies the allegations contained in paragraphs numbered 20-21 of the Complaint.

---

[2] Defendant is attaching a copy of  Mr. Ugoji's letter, marked as defendant's Ex. 2, as per the Court's April 2, 2007 Scheduling Order.

22-23. Defendant admits the allegations contained in paragraphs numbered 22 through 23.

24.  The allegations contained in paragraph numbered 24 are denied.

25.  The allegations contained in paragraph numbered 25 are conclusions of the pleader to which no response is required.  If a response is required, then the same are denied. The notes of the June 16, 2004 MDT meeting speak for themselves.

26. The allegations contained in paragraph numbered 26 are denied.   A Psycho-educational evaluation was completed on January 17, 2005.  (See Ex. 3)[3]

27. The allegations contained in paragraph numbered 27 are conclusions of the pleader to which no response is required.  If a response is required, defendant responds that on September 8, 2006, a Confidential Psycho-Educational Evaluation was completed for R.H.  (See Ex. 4)[4]

28. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29-30. Defendant admits the allegations contained in paragraphs numbered 29-30.

31-32. The allegations contained in paragraphs numbered 31-32 are conclusions of law and/or fact of the pleader to which no response is required.  I-f a response is required, then the same are denied. The due process complaint speaks for itself.

33.  Defendant admits the allegations contained in paragraph numbered 33.

34.  The allegations contained in paragraph numbered 34 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required,

_____

[3]Defendant is attaching a copy of  D.C. Public Schools Psychoeducational Report, marked as defendant's Ex. 3, as per the Court's April 2, 2007, Scheduling Order.
[4] Defendant is attaching a copy of the Confidential Psycho-Educational Evaluation as per the Court's April 2, 2007, Scheduling Order.

defendant responds that upon receiving plaintiff's request for due process hearing on July 31, 2006, Mr. Chuck C. Ugoji responded to plaintiff.  (See Ex. 2)

35.  The allegations contained in paragraph numbered 35 are conclusions of law and/or fact of the pleader to which no response is required.  If a response is required, then the same are denied. The Response to the due process complaint speaks for itself.

36-38. Defendant admits the allegations contained in paragraphs numbered 36 through 38.

39-41. The allegations contained in paragraphs numbered 39 through 41 are a characterization of the Hearing Officers Determination (HOD). The HOD speaks for itself.

42.  Defendant incorporates by reference its answers to paragraphs numbered 1 through 41.

43.  Defendant admits the allegations contained in paragraph numbered 43.

44-45.  The allegations contained in paragraphs numbered 44 through 45 are denied.

46.  Defendant incorporates by reference its answers to paragraphs numbered 1 through 45.

47.  The allegations contained in paragraph numbered 47 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

48-49.  The allegations contained in paragraphs numbered 48 through 49 are denied.

Further answering the complaint, defendant denies all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.


Respectfully submitted,


LINDA SINGER
Acting Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

April 30, 2007

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____     MULTIDISCIPLINARY TEAM (MDT)          Page: 2 of __
                                 CONTINUATION MEETING NOTES
                                 MEETING TYPE: _F & P_

STUDENT: _Royston_          SCHOOL: _WJ_          DATE: 6/16/04

Cherry - Given the fact that the information we
have is limited none of us can be more
accurate at this time. For that reason
we have asked for the psycho-ed eval
and a 30-60 day Review. At that time
we can be more accurate and make any
changes, if necessary. We will accept
academic goals as is.

Team has discussed ESY and we feel
that the severity of his behavior warrants
ESY services.

Placement discussion - Millis has proposed
Episcopal, Rock Creek & High Roads. She feels
that they offer very small class size, Beh.
intervention, support staff that includes
beh. specialists, psychologist in very small
setting.

Brenda Kistler & DCPS are proposing
Hamilton Center. Hamilton also offers small
class size, behavior intervention, related services

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____          MULTIDISCIPLINARY TEAM (MDT)          Page: 3 of ___
CONTINUATION MEETING NOTES
MEETING TYPE: _IEP_

STUDENT: Rayshawn Henry  SCHOOL: Walker Jones  DATE: 6/16/04

Millis objects to the fact that there is the presence of the Noyes program in the building and the police presence. She also feels that the other programs are better in quality and offer more.

Kinsler - Noyes program is moving out at the end of the school year. Kinsler, who has review his records, feels that Ham. Hon can offer an appropriate placement.

DCPS feels that Hamilton center is an appropriate setting and can meet the IEP requirements.

Tyrka & Houch LLP
1726 Conn. Ave N.W.
Suite 400
Washington D.C. 20009

I am acknowledging Receipt of the due process hearing faxed to Hamilton Center on 7/31/2006 at
2:00 pm..

      Furthermore, I will attempt to respond to allegations of violations filed on behalf of Etta
Jalloh (petitioner):

1) Several verbal and written requests were made for the advocate and petitioner about
meeting but no one responded to the invitations. Some of those dates are as follows:
telephoned 5/13/05, at 11:54 A.M., (301)951-0754 5/24/05 at 10:23A.M. left a message.
Letter of invitation sent on 3/23/05 proposed 4/4/05. 4/4/05 and 4/6/05 to Carolyn Houch
Esq. on June 8, 2005 another letter of invitation was sent to Carolyn Houch, proposed
6/10/05 at 2:00 P.M., 6/13/05 at 9:30 A.M. and 6/16/05 at 10:00 A.M. again no response
from either the petitioner or advocate. On June 29, 2006 a meeting was confirmed with
Sharon Miller for 7/14/06 at 10:00 A.M. again no one showed up. On July 2006 a social
worker Ms. Lee visited our school for information on Rashaw Henry. Since the meeting
on 7/14/06 did not hold, I opted to seek other measures to convene an IEP meeting for
Rashaw Henry. On July 18, 2006 I contacted Ms. Lee explaining to her my dilemma to
complete the IEP for Rashaw Henry. Ms. Lee directed me to Ms. North a social worker
assigned to the petitioner. It was not until Ms. North considered a possibility of filing for
Educational Neglect on petitioner did petitioner and advocate contact us. As a result a
meeting was scheduled and processed on July 19, 2006, a day after my contact with Ms.
North.

2) Re: Evaluations- A Clinical Evaluation was completed on 7/18/06 and a Psyco-
educational evaluation was completed in January 17,2005. These evaluations are current
and can be reviewed during a scheduled review meeting.

3) Hamilton Centers relentless effort to have your presence or to convene a meeting with
you has been difficult it is impossible for the ET 15 staff to be available at this time as
they are 10 month employees.

4) Encounter tracking forms and or related documentation for counseling will be provided
when our ET 15 staff resume work late August 2006.

5) Your failure to participate in the IEP process of 7/ 19/2006 which we believe you did,
was an option you elected to implore. We are aware that you refused to sign the
document after the meeting.

6) Rashaw's placement at this time appears appropriate until we reconveve another meeting
in late August 2006.
I am proposing the following dates fo r your consideration: August 25th, 29th and 31st
2006. Please notify me of your choice and time. Should you have any questions, please
contact me on (202) 698- 3888.

Sincerely Chuck C. Ugoji



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

Office of Special Education
825 North Capitol Street, N.E., 6th Floor
Washington, D.C. 20002-4232
202-442-4800, fax: 202-442-5518
www.k12.dc.us

## D.C. Public Schools
### Department of Special Education
### Psychoeducational Report
### Re-evaluation
### Confidential

**Name:** Rashawn Henry
**Age:** 9 years 9 months
**Date of Birth:** 4/17/1995
**Date of Evaluation:** 1/16/2005
**Date of Report:** 1/17/2005
**Grade:** 4th
**School:** Hamilton Center
**Student ID:** 9077317
**Examiner:** Kirsten Myers Denning
**School Psychologist:** School Psychologist

### Reason for Referral:

Rashawn was referred for evaluation to determine if any changes need to be made in his educational plan. He is currently receiving services as an Emotionally Disturbed student.

### Test Administered:

Wechsler Intelligence Scale for Children- Fourth Edition
Wechsler Individual Achievement Test- Second Edition
Record Review

### Record Review

Rashawn was previously evaluated by Jennifer Dunston April 14, 2002. Where he was administered the WISC III and achieved a VIQ of 95, PIQ of 79 and a FSIQ of 86. Academically he was administered the WIAT where he achieved a Reading Composite of 89 and Reading Composite of 104. A clinical evaluation was administered by Patricia Jenkins, Ph.D on August 27, 2002. Rashawn



previously attended Walker Jones ES and the Center for Mental Health prior to attending Hamilton ES.

## Test Observation and General Behavior

Rashawn is a 9 year 9 month old student who attends Hamilton Center. He presented himself as a friendly, verbal student willing to engage this examiner in casual conversation. He presented himself as playful throughout the entire assessment process. Rapport was established and considered adequate for a valid assessment.

During the assessment process while Rashawn was able to solve equations appropriately he constantly had to be prompted and encouraged to continue. He often stated items were difficult and that he couldn't do items. However this examiner observed Rashawns' abilities to do items appropriately. However with constant prompting and encouragement Rashawn would exhibit resistance with test items.

## Summary of WISC IV

| WISC IV Composite | Score | Qualitative Description |
|---|---|---|
| Verbal Comprehension Index (VCI) | 89 | Low Average |
| Perceptual Reasoning Index (PRI) | 86 | Low Average |
| Working Memory Index (WMI) | 97 | Average |
| Processing Speed Index (PSI) | 118 | H. Average |
| Full Scale IQ (FSIQ) | 93 | Average |

## Verbal Comprehension Subtest Scores

| Subtests | Scaled Score | Percentile Rank |
|---|---|---|
| Similarities | 9 | 37 |
| Vocabulary | 7 | 16 |
| Comprehension | 8 | 25 |

**Perceptual Reasoning Subtest Scores**

| Subtests | Scaled Score | Percentile Rank |
|---|---|---|
| Block Design | 7 | 16 |
| Picture Concepts | 9 | 37 |
| Matrix Reasoning | 7 | 16 |

**Working Memory Subtest Scores**

| Subtests | Scaled Score | Percentile Rank |
|---|---|---|
| Digit Span | 11 | 63 |
| Letter-Number Seq. | 8 | 25 |

**Processing Speed Subtest Scores**

| Subtests | Scaled Score | Percentile Rank |
|---|---|---|
| Coding | 10 | 50 |
| Symbol Search | 16 | 98 |

**Summary of WIAT II**

**WIAT II Composite**

| | Standard Score |
|---|---|
| Reading Composite | 79 |
| Mathematics Composite | 94 |

| Subtests | Standard Score | Percentile | Age Equiv. | Grade Equiv. |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Word Reading | 74 | 4 | 7:4 | 2:0 |
| Reading Comprehension | 81 | 10 | 7:4 | 2:0 |
| Pseudoword Decoding | 79 | 7 | 7:8 | 2:2 |
| Numerical Operations | 107 | 68 | 10:4 | 4:7 |
| Math Reasoning | 84 | 14 | 8:4 | 2:9 |
| Spelling | 85 | 16 | 8:0 | 2:5 |

**Interpretation of WISC IV**

Rashawn was administered the WISC IV where he achieved a Full Scale IQ in the average range (93). His overall thinking and reasoning abilities exceeded approximately 32% of children his age. Rashawn did not display a relative strength with either ability.

On the Verbal Comprehension Index Rashawn earned a score in the low average range (89). The Verbal Comprehension Index measures one's verbal reasoning and concept formation. Within the Verbal Comprehension scales Rashawn earned a relative strength with Similarities which assess one's abstract reasoning abilities. A relative weakness was noted with defining and utilizing words.

Rashawn's non-verbal reasoning abilities as measured by the Perceptual Reasoning Index are in the low average range (88). These subtest within the PRI measures perceptual organization abilities, visual spatial reasoning and nonverbal reasoning. Rashawn displayed a relative strength with Picture Concepts. A relative weakness was noted with Matrix Reasoning which assesses nonverbal reasoning abilities as well as Block Design.

On his ability to sustain attention and concentration he earned a score in the average range.

When presented with time constraints and pencil and paper task. He earned a score in the above average range. This subtest required him to process simple or routine information.

**Interpretation of WIAT II**

**Reading**

Rashawn earned an overall Reading Composite in the borderline range (79). When presented with a series of words and required to read them he earned a score in the borderline range (74). Rashawn was able to read one syllable words appropriately. Difficulties were noted with reading other one and two syllable words. When presented with nonsense words and required to read them, Rashawn earned a score in the borderline range (79). Pseudoword Decoding assesses one's phonetic skills. When presented with reading passages and required to read them he earned a score in the low average range (81). Rashawn was able to respond appropriately to questions regarding details and ordering events. Difficulties were noted with identifying a fact or opinion; identify a main idea and defining words.

## Mathematics

Overall Rashawn earned a Mathematics Composite in the average range (94). When presented with mathematical equations and required to solve them he earned a score in the average range (94). Rashawn was able to solve one, two, three digit with and without regrouping. He also was able to solve some simple multiplication equations as well. Difficulties were noted with other multiplication equations, division, decimals and fractions. When presented with math concepts and required to solve them he earned a score in the low average range (84). He was able to solve word problems, using graphs and using patterns. Difficulties were noted with solving problems involving non-standard measurements, telling time to the half and quarter hour, quantities less than whole and two step word problems.

## Written Language

Rashawn earned an overall Written Language Composite in the average range (95). When presented with spelling words and required to spell them he earned a score in the low average range (85). He was able to spell one and two syllable words. Difficulties were noted with the omission of endings, homonyms and omission of letters. When requested to write in paragraph form Rashawn shut down and would not attempt even after several prompts.

## Summary

Rashawn was administered the WISC IV where he earned a Full Scale IQ in the average range (93). Verbal Comprehension Index in the low average range (89), Perceptual Reasoning Index in the low average range (86), Working Memory Index in the average range (97) and Processing Speed Index in the average range (108). Academically he was administered the WIAT II where he earned a Reading Composite in the borderline range (79), Mathematics Composite in the average range (94). Rashawn should continue to receive services as an Emotionally Disabled student.

**Recommendations**

1. Counseling to address self esteem and motivational issues.
2. Assistance with reading two syllable words.
3. Assistance with writing in simple sentences.
4. Rashawn should spell and write new words in sentences.
5. At school and at home he should be encouraged to read out loud for fifteen minutes a day.


Kirsten Myers Denning, MS, CAGS
School Psychologist



# *Behavioral Healthcare Inc.*®

## Confidential Psycho-Educational Evaluation

| | | | |
|---|---|---|---|
| **Name:** | Rashaw Henry | **Sex:** | Male |
| **Date of Birth:** | April 17, 1995 | **Age:** | 11 years, 4 months |
| **Date of Evaluation:** | September 8, 2006 | **Student ID:** | 9077317 |
| | September 13, 2006 | **School:** | Hamilton Center |
| | | **Grade:** | 6th grade |

**Reason for Referral:**

    An updated achievement evaluation was requested for Rashaw in preparation for his annual IEP. He is currently a 6th grade student at the Hamilton Center, where he receives services as an Emotionally Disturbed student.

**Evaluation Procedures/Sources of Information:**

    Brief Clinical Interview with child
    Wechsler Individual Achievement Test – Second Edition (WIAT-II)
    Review of Records:
        7/18/06 Clinical Psychological Report, evaluator Cheri McNeil, PsyD
        1/17/05 Psychoeducational Report, evaluator Kirsten Myers Denning, School
            Psychologist
        4/14/02 Psychoeducational Report, evaluator Jennifer Dunston, School
            Psychologist
        8/27/02 Clinical Psychological Report, evaluator Patricia A. Jenkins, Ph.D.

**Psychosocial History:**

    Rashaw is an 11-year, 4-month old African-American male currently living with his grandmother, who has been his legal guardian since birth. There are also multiple other family members in the home. Records indicate that Rashaw's birth history is unknown, but that he achieved developmental milestones within normal limits.

    A previous clinical assessment dated August 27, 2002 (by Patricia A. Jenkins, Ph.D.) indicated various emotional and behavioral concerns, including: poor self-concept; feelings of inadequacy in negotiating the social environment; high levels of anxiety; low frustration tolerance; restlessness; impulsivity; and inattentiveness. That August 2002 clinical assessment indicated that Rashaw met criteria for diagnoses of Generalized Anxiety Disorder and Disruptive Behavior Disorder, NOS.



According to the most recent clinical evaluation (report date 7/18/06, by Cheri McNeil, PsyD), Rashaw is evidencing symptoms consistent with Dysthymic Disorder, "a mood disorder characterized by mild depressive symptoms that last for a prolonged period of time." This diagnostic impression appeared based on Rashaw's responses that indicated struggles to control feelings of anger, and depressed mood. Rashaw denied any self-deprecating feelings and denied any suicidal ideation. Based on reports from Rashaw's grandmother, Dr. McNeil's assessment indicated some behavioral concerns at home that included: hyperactivity, aggression, conduct problems, and depressive symptomatology. These problems were not observed at school to the same degree (based on reports from Rashaw's teacher at that time).

**Mental Status Exam and Behavioral Observations:**

Rashaw presented for the evaluation appropriately groomed and dressed. He appeared to be of average height and weight for his age. He made appropriate eye contact throughout the evaluation. He appeared oriented to person, time, place, and situation, and evidenced no significant impairment in judgment, language, or sensorium/perception.

Throughout the evaluation, Rashaw was generally quite cooperative (even eager), and approached each task with interest. He was able to maintain focus on the different tasks, and was able to manage his frustration when presented with a difficult item. He would often spontaneously initiate conversation, and asked multiple questions; this was all within an appropriate level, and was not disruptive to the evaluation process. Thus, the results of this evaluation appear to be a valid assessment of Rashaw's current functioning.

**Assessment Interpretation:**

*Summary Review of Prior Testing:*
On January 16, 2005, Rashaw was administered the Wechsler Intelligence Scale for Children – Fourth Edition (WISC-IV) by Kirsten Myers Denning, School Psychologist. The WISC-IV is an intelligence/cognitive test that assesses different components of intelligence/cognitive functioning. Rashaw obtained the following scores on the WISC-IV: a Verbal Comprehension Index score (VCI) of 89; a Perceptual Reasoning Index score (PRI) score of 86; a Working Memory Index score (WMI) score of 97; a Processing Speed Index score (PSI) of 118; and a Full Scale IQ score (FSIQ) of 93. Rashaw did not evidence any particular strengths or weakness on the subtests comprising the VCI or the PRI. Within the WMI, Rashaw evidenced a relative strength on tasks requiring more rote attention (i.e., the Digit Span subtest) as compared with tasks requiring more organizing of information (i.e., the Letter-Number Sequencing subtest). Rashaw evidenced a significant area of strength on the subtests comprising the Processing Speed Index score (PSI), which focuses on speed of processing, particularly of visual information, and this was a significant area of strength for Rashaw.

*Current Testing:*
Rashaw was administered the Wechsler Individual Achievement Test – Second Edition (WIAT-II), which is a comprehensive test designed to assess academic achievement. This test is

comprised of nine subtests, resulting in a Total Composite Score and four other composite scores: Reading, Mathematics, Written Language, and Oral Language.

Rashaw obtained a Reading Composite Score of 76, which is in the Borderline range. This composite assesses reading comprehension and rate, reading prosody, and the ability to read target words in the context of a sentence. Rashaw evidenced somewhat of a weakness in phonological decoding (Standard Score of 72).

Rashaw obtained a Mathematics Composite Score of 77, which is in the Borderline range. This composite assesses an individual's achievement in general mathematical domains (e.g., numbers and operations), as well as multi-step problem solving.

Rashaw earned a Written Language Composite Score of 75, which is in the Borderline range. This composite generally assesses spelling and writing fluency.

Rashaw evidenced a significant strength, relative to his overall functioning on the Oral Language Composite, in which he obtained a score of 89. This suggests that he is functioning at the top end of the low the average range. This composite score reflects an individual's receptive and expressive language skills. Rashaw's expressive language skills were consistent with his level of functioning in other areas of academic achievement (Standard Score of 83). However, he evidenced a significant strength regarding his listening comprehension (i.e., receptive) skills, functioning in the average range (Standard Score of 101). These results suggest that Rashaw may understand more than he is able to communicate, which may result in some feelings of frustration and feeling misunderstood.

Overall, Rashaw obtained a score of 76 on the WIAT-II Total Composite, indicating functioning in the Borderline range for general academic achievement. In many areas, his functional level is two to three grades below other individuals of his same age, based on national norms.

**Summary and Diagnostic Impressions:**

Overall, the pattern of scores achieved by Rashaw on this evaluation suggests that he continues to exhibit some global deficits in academic achievement. Specifically, Rashaw appears to be functioning in the Borderline range in the areas of Reading, Mathematics, and Written Language. He evidenced a relative strength in Oral Language skills, particularly Listening Comprehension.

In most areas, Rashaw's academic functioning appears to be lower than would be expected based on the reported WISC-IV scores. The exception to this is Rashaw's Listening Comprehension skills. This discrepancy may be related to his history of emotional issues, as described in the clinical evaluation. That is, these emotional issues may be interfering with his academic achievement. However, assuming the reported IQ scores of the January 2005 evaluation remain an accurate assessment of Rashaw's cognitive functioning, Rashaw may meet

criteria for classification as Learning Disabled (LD) because of the discrepancy between his intellectual and academic functioning.

**Recommendations:**

1.  Rashaw would benefit from continued special education services aimed at improving his reading, particularly his phonics, skills..
2.  Rashaw would benefit from support to enhance his written and expressive language skills.
3.  Rashaw would probably benefit from counseling and support in expressing his thoughts and feelings.  Any improvements in appropriate verbal expression would likely be helpful, particularly at times during which he may have behavioral outbursts and times during which he may emotionally withdraw. The counseling may be with either a school-based or community-based counselor or therapist.


Paul Douglass Frey, Ph.D.                      Ilana Sterman, MA
Licensed Psychologist                          Licensed Professional Counselor
                                               Doctoral Candidate

Appendix A

**Assessment Results:**

**Wechsler Individual Achievement Test – Second Edition (WIAT-II)**

| Subtest | Standard Scores | Grade Equivalent (National Norms) |
|---|---|---|
| Word Reading | 83 | 3:6 |
| Reading Comprehension | 79 | 3:1 |
| Pseudoword Decoding | 72 | 1:6 |
| *Reading Composite* | *76* | |
| | | |
| Numerical Operations | 80 | 4:2 |
| Math Reasoning | 78 | 3:8 |
| *Mathematics Composite* | *77* | |
| | | |
| Spelling | 72 | 2:2 |
| Written Expression | 82 | 3:1 |
| *Written Language Composite* | *75* | |
| | | |
| Listening Comprehension | 101 | 6:2 |
| Oral Expression | 83 | 3:0 |
| *Oral Language Composite* | *89* | |
| | | |
| *Total Composite* | *76* | |