THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ETTA JALLOH,              )<br>        **Plaintiff,**      )<br>                                 )<br>v.                             )<br>                                 )<br>DISTRICT OF COLUMBIA, )<br>        **Defendant.**    )<br>                                 ) | Civil Action No. 07-63 RMC |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In its Motion for Summary Judgment, the Defendant does not raise any issues not already addressed in the Plaintiff's Motion for Summary Judgment, the Defendant's Opposition, and the Plaintiff's Reply. Accordingly, in the interest of judicial economy the Plaintiff incorporates into this document by reference all of the arguments and factual representations made in her Motion for Summary Judgment and her Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

For all of those reasons, the Court should deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ETTA JALLOH, </br>              Plaintiff, </br> </br> v. </br> </br> DISTRICT OF COLUMBIA, </br>              Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )    Civil Action No. 07-63 RMC |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

The Plaintiff contends that there is no genuine dispute regarding the material facts of this case, and that she is entitled to summary judgment for the reasons presented in her Motion for Summary Judgment. However, the Plaintiff presents this statement in the event that the Court determines any disputes noted herein to be material.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. The Plaintiff does not dispute that, at the June 16, 2004 multidisciplinary team ("MDT") meeting, the DCPS team members stated that Hamilton Center offered small class size, behavior intervention, and related services. (R. at 43.)

6. The Plaintiff does not dispute that, at the June 16, 2004 MDT meeting, the DCPS team members stated "DCPS feels that Hamilton center is an appropriate setting and can meet the IEP requirements." (R. at 44.)

1

7. The Plaintiff does not dispute that R.H.'s IEP notes, under the heading "Least Restrictive Environment Determination / Service Alternatives," "[b]ecause of the intensity necessary, [R.H.] cannot be educated in general ed setting." (R. at 41.)

8. Undisputed.

9. Undisputed.

10. The Plaintiff does not dispute that, at the June 16, 2004 meeting, DCPS representatives stated, "Brenda Kinsler & DCPS are proposing Hamilton Center. Hamilton also offers small class size, behavior intervention, related services[.]" (R. at 43.) The Plaintiff disputes that this statement constituted a formal proposal as the word "propose" is used in 20 U.S.C. § 1415.

11. The Plaintiff does not dispute that, on June 16, 2004, DCPS issued a document titled "Prior to Action Notice."(R. at 52.) The Plaintiff disputes that this document is a "prior notice" as that term is used in 20 U.S.C. § 1415.

12. The Plaintiff does not dispute that DCPS' June 16, 2004 "Prior to Action Notice" contains the statement, "DCPS feels that Hamilton Center is an appropriate placement that can meet [R.H.'s] needs." (R. at 52.) The Plaintiff disputes that this constitutes a "Description and Explanation of the agency action which was proposed or refused" as required by 20 U.S.C. § 1415.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Disputed due to lack of evidence in the Record.(R. at 1-269.)[1]

   Disputed due to lack of evidence in the Record.(R. at 1-269.)[2]

20. Disputed due to lack of evidence in the Record.(R. at 1-269.)[3]

21. Undisputed.

22. Undisputed.

23. The Plaintiff does not dispute that DCPS' meeting notes of the July 19, 2006 MDT meeting contain the statement, "Hamilton Center staff believes that R.H. has made progress in the program and current placement is adequate." (R. at 63.)

24. The Plaintiff does not dispute that, at hearing, she testified that, "Well his teachers and all, say that he's doing, he's doing good in class." (R. at 253.)

25. The Plaintiff does not dispute that, when asked what R.H.'s report cards indicated, she testified that, "[i]t indicates that he's doing good." (R. at 252.)

26. Undisputed.

27. Undisputed.

28. The Plaintiff does not dispute that Mr. Ugoji testified that R.H. "is…receiving his counseling services at the Hamilton Center." (R. at 224.) However, Mr. Ugoji did not

---

[1] For this assertion, the Defendant cites Exhibit 2 to its Amended Answer. This document is unverified, undated and many of its passively-voiced claims appear to have been made without Mr. Ugoji's direct knowledge. ("requests were made…letter of invitation was sent...meeting was scheduled…" Def.'s Am. Ans. Ex. 2.) While these claims have no probative value under Federal Rule of Civil Procedure 56(e), (See e.g. Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997)(granting summary judgment when adverse party's attorney's affidavit was not based on personal knowledge.)) they are likewise immaterial in the instant case. Nowhere in its Cross-Motion for Summary Judgment does the Defendant contend that these purported attempts affected either its provision of instruction and services or its choice of placement for R.H.. Additionally, the subject Hearing Officer's Determination contains a finding for the Plaintiff on her claim that DCPS had failed to update R.H.'s IEP, which the Defendant did not appeal. Accordingly, the document and its contents are both immaterial and without probative value.
[2] See Footnote 1, supra.
[3] See Footnote 1, supra.

3

state for how long R.H. had been receiving his counseling, and with what consistency. See id. Mr. Ugoji did not testify that R.H. had received specialized instruction. See id.

29. The Plaintiff does not dispute that the Hearing Officer, in his October 13, 2006 HOD, stated "Mr. Ugoji credibly testified that the student has been provided services under the existing IEP since he attended Hamilton." (R. at 11.) The Plaintiff disputes, due to absence of support in the Record, that the Hearing Officer made any such finding regarding the totality of Mr. Ugoji's testimony. (R. at 2-12.)

30. Disputed. The Plaintiff personally, through counsel, and through her educational advocate requested access to R.H.'s records in writing and in person on multiple occasions. (R. at 4, 64, 68, 119.)

31. Disputed. The Plaintiff personally, through counsel, and through her educational advocate requested access to R.H.'s records in writing and in person on multiple occasions. (R. at 4, 64, 68, 119.) The Defendant provided access only to some of R.H.'s encounter tracking forms, and did not provide access to R.H.'s report cards, progress reports, or any other documentation of R.H.'s progress towards his IEP goals or his current levels of functioning. (R. at 1-269.)

32. Undisputed.

33. The Plaintiff does not dispute that, on August 16, 2006, DCPS served on the Plaintiff a document titled "District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice". The Plaintiff disputes that this document constitutes a "response" as that term is used in 20 U.S.C. § 1415(c)(2)(B).

34. The Plaintiff does not dispute that, in its August 16, 2006 document titled "District of Columbia Public School's Response to Parent's Administrative Due Process Complaint

4

Notice," DCPS stated: "DCPS denies the allegation it failed to complete a speech and language evaluatin [sic] and a psycho-educational evaluation. Recommendations are not mandates for the MDT team to follow. Two years have elapsed since June 16, 2004 and DCPS has no record of the parent requesting either of these evaluations." (R. at 116.)

35. The Plaintiff does not dispute that DCPS' August 16, 2006 document titled "District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice" contains the statement, "DCPS denies the allegation the Hamilton Center is not reasonably calculated to provide a Free and Appropriate Public Education to this student." (R. at 116.)

36. The Plaintiff does not dispute that DCPS' August 16, 2006 document titled "District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice" contains the statement, "[r]ecommendations are not mandates for the MDT team to follow." (R. at 116.) The Plaintiff disputes that this statement "set forth a defense", particularly as the Defendant appears to have followed one of these recommendations. (Def.'s Am. Ans. Ex. 2, 3.)

37. Disputed. The Plaintiff served a notice to potential witnesses on September 22, 2006. (R. at 22.)

38. The Plaintiff does not dispute that she did not request the Chief Hearing Officer to issue a Notice to Appear to any non-cooperative witness. The Plaintiff further clarifies that, prior to the September 29, 2006 hearing, she received no indication that any of her notified witnesses would be non-cooperative. (R. at 1-269.)

    Respectfully submitted,

    /s/_____
    Douglas Tyrka, #467500

5

Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETTA JALLOH, )<br>　　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>　　　　　　Defendant. )<br>) | Civil Action No. 07-63<br>RMC |

**ORDER**

In consideration of Defendant's Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is denied.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Rosemary M. Collyer
　　　　　　　　　　　　　　　　　　　　　United States District Judge