UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Etta Jalloh, on behalf of her minor child, R.H., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.07-0063 (RMC) |
| District of Columbia, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]

### INTRODUCTION

Comes now defendant, through counsel, and responds to plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to defendant's Cross Motion for Summary Judgment as follows: Plaintiff's Motion, Opposition and Reply argue that an administrative hearing officer ("HO") erred when he failed to grant plaintiff a default judgment at an administrative due process hearing, conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. 1400 *et seq.*, based on procedural deficiencies in defendant's response to the due process complaint.

---

[1] When defendant filed its Opposition to plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, one document, it filed the same document twice as is required by the ECF filing system. In response, plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment and a Reply to Defendant's Motion for Summary Judgment, two separate documents. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment merely incorporates by reference all arguments made in her Motion for Summary Judgment and Reply. In this filing, defendant is responding to the arguments sets forth in plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and to those incorporated by reference in plaintiff's Motion for Summary Judgment and Reply. This document will be filed twice under the ECF system.

**ARGUMENT**

I. **The Circumstances in This Case Do Not Warrant a Default Judgment.**

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i), a decision by a HO shall be made on substantive grounds based on a determination of whether the child received a FAPE. Pursuant to section 1415 (f)(3)(E)(ii) of the IDEIA, in matters alleging a procedural violation, an HO may find that a child did not receive a FAPE only if the procedural inadequacies impeded the child's right to a FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding the provision of a FAPE, or caused the child a deprivation of educational benefits. During the administrative hearing, in the above captioned case, the HO concluded that DCPS' response to the complaint did not warrant a default decision.

As previously argued in its Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, entry of a default judgment is such an extreme sanction, that courts have determined that it should be imposed only upon a "showing of severe circumstances." *District of Columbia v. Greene,* 539 A.2d 1082, 1083-84 (quoting *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 688 (D.C. 1983)); *Hinkle v. Sam Blanken & Co., Inc.,* 507 A.2d 1046, 1049 (D.C. 1986) "Such 'severe circumstances' arise from the nonmovant's deliberate or willful noncompliance with court rules and orders…." *Iannucci v. Pearlstein,* 629 A.2d 555, 559 (D.C. 1993). (See defendant's Opposition and Cross Motion at 12)

In her Reply, plaintiff addresses court decisions requiring a showing of deliberate or willful noncompliance with court rules and procedures before a default judgment can

be entered. Plaintiff claims that defendant's actions in not filing a response which comported with the exact requirements found in 20 U.S.C. Sec. 1415 (c)(2)(B)(i)(I) was deliberate and willful. (Reply at 4) However, nothing is further from the truth. Defendant timely filed a response to plaintiff's due process complaint, believing that it adequately responded to the issues raised in the complaint. However, in plaintiff's own Reply the Court can get a glimpse of why perhaps defendant's response was not procedurally 100% perfect. Plaintiff's attorney, by his own admission, has filed 117 due process complaints in the past 7 months. (Reply at 5) Plaintiff's counsel is one of numerous attorneys filing due process complaints with DCPS, such that approximately 200-300 complaints are filed each month. Fewer than 10 attorneys in the Office of the General Counsel for DCPS are available to respond to these complaints. If not all "i"s are dotted or "t"s crossed, it is not because of a lack of a good faith effort on the part of the defendant.

      **II.**    **Any Procedural Violations in the Response to the Due Process Complaint did not Affect the Student's Substantive Rights.**

"Even assuming that DCPS violated its procedural obligations, an IDEA claim is viable only if those procedural violations affected the student's substantive rights." <u>Lesesne v. District of Columbia</u>, 447 F.3d 828, 834 (D.C. Cir. 2006) *See also* <u>T.T. v. District of Columbia</u>, Civ. No. 06-0207 (D.D.C. July 23, 2007 Memorandum) In <u>T.T.</u>, as here, plaintiff asserted a number of procedural failures on the part of DCPS that allegedly constituted a denial of a FAPE. (Memorandum at 8) Specifically, plaintiff claimed that the Prior Notice of Placement ("PNOP") issued on behalf of the student provided no "explanation, reason, procedural bases, or description of other factors, for defendants'

placement proposals or refusals as required by the regulations." (Memorandum at 13) While the Court in T.T. found that the PNOP "fell short of the specificity required by the IDEIA and its accompanying regulations," it nonetheless concluded that the procedural violations committed by DCPS were not a sufficient basis to support plaintiffs' claim for relief. (Memorandum at 16)

Among the deficiencies the court in T.T. found were the following: the PNOP statement "failed to provide a thorough, individualized explanation" for DCPS' decision to move the student from one school to another; there was "an insufficient description of each evaluation procedure, assessment, record, or report" the agency used as a basis for its action; the PNOP was vague in its description of other options considered and "failed to provide a description of other factors relevant to the action proposed by DCPS." (Memorandum at 14) These deficiencies are comparable to those plaintiff alleges exist in the instant case— DCPS's "prior notice contains no description of evaluation procedures, assessments, records and/or reports that DCPS used as a basis for its decision to place R.H. at Hamilton." (Plaintiff's Motion for Summary Judgment at 2) Plaintiff makes the same type of criticisms regarding the alleged insufficiency of DCPS' response to the due process complaint—the Response contains no statement addressing plaintiff's contentions in her complaint that DCPS failed to develop appropriate IEPs for the student and failed to provide necessary services and instruction. Nor is there any explanation as to why DCPS placed the student at Hamilton school and subsequently determined to not change his placement. (Plaintiff's Motion for Summary Judgment at 4 )

Even if plaintiff is correct that defendant's PNOP and Response to complaint were wanting in some respects, she has not established that any procedural violation

4

"impeded the child's right to a free appropriate education; significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child; or caused a deprivation of educational benefits." 20 U.S.C. Sec. 1415 (f)(3)(E)(ii). Plaintiff admits that a procedural violation "will rarely have a direct impact." (Reply at 8) The only alleged "harm" plaintiff claims here is that DCPS Response "interfere[ed] with the Plaintiff's presentation of her case and impeded her "opportunity to participate in the decision making process" at the hearing. (Reply at 11) (Emphasis added) These alleged harms refer to those which may have been incurred by plaintiff's attorney, but plaintiff has not shown that any of the alleged procedural violations caused a deprivation of education benefits to the student. *See* Lesesne, 447 F.3d at 834. (Emphasis added) Further, plaintiff was clearly aware that defendant denied the allegations in her complaint as a result of DCPS' Response. Plaintiff also knew the witnesses and documents DCPS intended to present at the hearing. And lastly, plaintiff attended a Resolution session with DCPS where if there was any doubt as to the agency's position, it could have been addressed there.

Because there is no evidence of substantive harm to the student, this Court should conclude that any minor procedural violation that defendant may have committed, is not a sufficient basis to support plaintiff's claim for relief.

**III.    The Hearing Officer's Decision Regarding the Parent's Access to the Student's Records was Correct.**

Plaintiff contends that the parent/and or the student's education advocate were denied access to the student's school records which resulted in denying plaintiff the ability to meaningfully participate in the formulation of the student's IEP and at the

5

hearing. (Reply at 13) To buttress plaintiff's position, plaintiff's counsel cites to his own arguments made to the HO at the hearing, which are not admissible evidence. (Reply at 12) The only admissible evidence cited in the Reply is the MDT notes found on pp. 61-68 of the administrative record. (Id). These notes indicate that the educational advocate requested a clinician's[2] notes at the MDT meeting, held on July 19, 2006, which DCPS could not produce because the clinician was on summer vacation. (AR at 62) While DCPS informed the educational advocate that they would contact the clinician and make the notes available the following business day, the educational advocate "objected to sending the notes to her." (AR at 62)

While plaintiff claims that the lack of records impeded her ability to meaningfully participate in the formulation of the student's IEP, this argument is both disingenuous and irrelevant. In the first instance, while "Ms Mills [educational advocate] and Ms. Jallo were present in the IEP [they] did not participate in the development of said IEP." (AR at 63) More importantly, the HO concluded that DCPS had denied the student a FAPE by failing to provide an appropriate IEP at the July 19, 2006, MDT meeting. (AR. at 10) Accordingly, the parent sustained her burden of proof in establishing that the IEP was inappropriate, whether she fully participated or not. A further finding of a denial of a FAPE because DCPS may or may not have denied the parent access to the student's school records would not have any impact on this case.

### IV.     The Hearing Officer Did Not Rely On Hearsay Evidence, Nor Violate any of Plaintiff's Rights.

Plaintiff's arguments regarding the use of hearsay and the applicability of the Confrontation Clause in a civil case were fully briefed in defendant's Opposition to

---

[2] The record is unclear as to what type of clinician the referenced person is.

6

plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment and are incorporated herein. (Opposition at 16-18)

### V. DCPS Provided R.H. With Necessary Instruction and Services.

Plaintiff's arguments regarding DCPS' provision of services and instruction to the student were fully briefed in defendant's Opposition to plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment and are incorporated herein. (Opposition at 19)

### VI. DCPS Has Provided the Student With an Appropriate Placement.

In addition to defendant's arguments expressed in its Opposition to plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment (Opposition at 20-24) and in section II (pp. 3-5) above, defendant explicitly states that it has not "conceded…that DCPS' continuation of R.H.'s placement at Hamilton …was procedurally invalid….," or that "[t]he complete invalidity of the July 2006 placement is uncontestable, and is apparently now conceded," or that "Defendant now contends that R.H.'s disability has prevented him from receiving appropriate educational benefits at Hamilton," as claimed by plaintiff in her Reply. (Reply at 17-19)

### VII. Plaintiff's Request for Compensatory Education Is Moot.

Plaintiff requests "as she did at the administrative level, that the MDT convene to determine appropriate compensatory education…" for the student. (Reply at 20) Since the HO ordered DCPS to convene an MDT/IEP meeting to discuss compensatory education and develop a compensatory education plan if warranted, plaintiff has already received this request for relief and the issue is moot. (AR. at 12)

7

## CONCLUSION

For the reasons stated above and in its Opposition to plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, incorporated herein by reference, the Court should deny plaintiff's Motion for Summary Judgment and dismiss the case.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625
E-mail – maria.merkowitz@dc.gov

August 31, 2007