UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
Etta Jalloh, on behalf of her
 minor child, R.H.,                       )

            Plaintiff,                    )

                v.                        )            Civil Action No.07-0063 (RMC)
District of Columbia,
                                          )
            Defendant.                    )
_____)

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MOTION TO ALTER OR AMEND JUDGMENT"

### INTRODUCTION

On September 29, 2006, at a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq*. ("IDEIA"), the plaintiff sought to establish, *inter alia,* that the District of Columbia Public Schools ("DCPS") denied the minor plaintiff a Free Appropriate Public Education ("FAPE") by failing to provide the student with an appropriate placement.  (R at 2-13)  On October 13, 2006, a Hearing Officer ("HO") found in favor of DCPS, concluding that plaintiff had failed to sustain her burden of proof that the student's placement was inappropriate.  On January 11, 2007, plaintiff filed a Complaint appealing the Hearing Officer's Decision ("HOD").  Plaintiff filed a Motion for Summary Judgment and a Memorandum in support thereof on May 31, 2007, stating that "[t]his memorandum is primarily devoted to procedural issues…Plaintiff asks the court to rule in her favor solely on the basis of

DCPS' egregious procedural violations…." (Plaintiff's Motion for Summary Judgment at 3).

On February 12, 2008, this honorable Court issued a Memorandum Opinion and Order ("Opinion") affirming the Hearing Officer's Determination, denying plaintiff's Motion for Summary Judgment, and granting defendant's Cross Motion for Summary Judgment.   Plaintiff has now filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 (e).[1]  Plaintiff's grounds for her motion are that:

(1) The Court addressed only the procedures regarding the student's initial placement and not DCPS' failure to change his placement in 2006. (Motion at 3-4)

(2) The Court did not address evaluations attached to defendant's Amended Answer to Complaint. (Motion at 5)

(3) The Student Hearing Office Standard Operating Procedures ("SOP") are inapplicable.  (Motion at 5)

(4) The Court may not have understood that a July 2006 and an August 2006 meeting occurred at Hamilton school.  (Motion at 6)

## ARGUMENT

### I.     Rule 59 (e)

"A court may grant a Rule 59 (e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law

---

[1] On February 27, 2008, at 9:48 p.m. plaintiff filed an incomplete Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59 (e).  On February 28, 2008, at 10:38 a.m., plaintiff filed her completed motion.  A motion filed pursuant to Fed. R. Civ. P. 59 (e) must be filed within 10 days of the entry of judgment.  District courts do not have discretion under this rule to expand the 10-day period.  Piper v. U.S. Department of Justice, 312 F. Supp. 2d 17, 20 (D.C.D.C. 2004).  Here, plaintiff's motion was due on February 27, 2008, but a completed motion was not filed until February 28, 2008.  While defendant believes that plaintiff's motion was untimely filed, and should be dismissed, or at most, only that "motion" filed on February 27th should be considered, it will nonetheless, address the arguments raised by plaintiff.

or fact." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996) (case cites omitted).  "Granting

such a motion is an unusual measure, Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C.

Cir. 1996) (per curiam) (discussing 59 (e)), one requiring a demonstration of

'extraordinary circumstances' by the moving party.  Niedermeir v. Office of Baucus, 153

F. Supp. 2d 23, 28 (D.D.C. Cir. 2001)….Under Rule 59 (e), motions for reconsideration

'need not be granted unless the district court finds that there is an intervening change of

controlling law, the availability of new evidence, or the need to correct clear error or

manifest injustice.' Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998)

(quoting Firestone, 76 F.3d at 1208)….Motions for reconsideration, in other words, are

'not simply an opportunity to reargue facts and theories upon which a court has already

ruled.' New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995 (discussing Rule

59(e))." Black v. Tomlinson, 235 F.R.D. 532 (D.D.C. 2006).  The difficult burden

imposed on the moving party has been established "in order to dissuade repetitive

arguments on issues that have already been considered fully by the Court." Perez v.

United States, 378 F. Supp.2d 150, 154 (E.D.N.Y. 2005) (quoting Ruiz v. Commissioner

of the D.O.T. of the City of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), aff'd 858

F.2d 898 (2d Cir. 1988).

### A.    The Court Addressed the HO's Conclusion that Hamilton Continued to be an Appropriate Placement for the Student.

Plaintiff contends that the Court erred when it concluded that Etah Jalloh was not

included in the placement decision making process for her child.  (Motion at 3)  Plaintiff

bases her belief on her conclusion that the Court addressed only the procedures regarding

the student's initial placement and not DCPS' failure to change his placement in 2006

(Motion at 3-4), and "[b]ecause DCPS failed to serve a Prior Notice regarding its refusal

to change R.H.'s placement in July 2006, and because it did not provide any of that information in any other form…."  (Motion at 3-4)

In the first instance, both these contentions concern possible procedural violations, both of which were raised in plaintiff's prior submissions.  Secondly, even if they are true, plaintiff has still failed to establish that either procedural violation caused any educational harm to the student.  "[A]n IDEA claim is viable only if [the alleged] procedural violations affected the student's substantive rights".  *See, e.g., Lesesne v. District of Columbia,* 447 F. 3d 828, 834 (D.C. Cir. 2006); *Kruvant v. District of Columbia,* 99 Fed. Appx. 232, 233 (D.C. Cir. 2004); *See also Razzaghi v. District of Columbia,* Civ. No. 03-1619 (D.D.C. Sept. 28, 2005), Mem. Op. at 16; *C. M. v. Bd. Of Educ.,* 128 Fed. Appx. 876, 881 (3d Cir. 2005) (per curiam)

Lastly, and most important, the Court addressed the student's current placement and why the HO was correct in his decision that Hamilton was appropriate.  (Opinion at 16-17)  This Court agreed with the HO's conclusion that Mr. Ugoji, a DCPS' witness, was credible when he testified that the student was receiving specialized instruction and counseling.  The Court further considered that the parent testified that the student's report cards were good and that his teachers said that the student was making academic progress. (Opnion at 16)  Accordingly, plaintiff's argument does not establish any clear error on the part of the Court regarding the parent's participation at the hearing and the student's current placement.

B.    **Plaintiff has Failed to Demonstrate That the Court Did Not Consider All the Evidence in Determining that Hamilton Was an Appropriate Placement.**

Plaintiff asserts that because the Court did not mention the evaluations attached to defendant's Amended Answer to the Complaint in making its determination that Hamilton is an appropriate placement, the Court erred.  However, plaintiff cites no law that requires a court to mention every single document it reviews in arriving at its decision, nor does she establish that even if the Court overlooked the evaluations that the conclusion reached by the Court would be significantly altered.  The Court concluded, as stated above, that the evidence, including the plaintiff's own testimony that the student was progressing, and that of Mr. Ugoji, supported the HOD's conclusion that plaintiff had failed to prove that Hamilton was an inappropriate placement.  (Opinion at 14, 16) Accordingly, plaintiff has failed to point to any evidence in the record that clearly establishes a manifest error of law or fact.

C.    **Plaintiff's Argument Concerning Access to the Student's Educational Records, Points to No Outright Factual Mistake.**

In her Motion to Alter or Amend plaintiff claims that "[i]t is not clear that the Court understood that both the July 2006 and August 2006 meetings occurred at Hamilton." (Motion at 6)  This argument is made in reference to plaintiff's alleged attempts to obtain the student's school records and her seeking an inference of a denial of FAPE because she did not receive them.  This Court sustained the HO's conclusion that he could not find that DCPS denied the student a FAPE based solely on the absence of records. (Opinion at 12)

Plaintiff has attached to her Motion an affidavit from Sharon Millis, independent educational advocate, dated February 26, 2008.  In her affidavit Ms. Millis states that she requested Mr. Ugoji to allow her to see the student's records on July 19 and August 31, 2006.  (Plaintiff's Ex. 1)  Ms. Millis did not testify at the administrative due process hearing, and plaintiff has not claimed that she was unavailable to testify.   Further, the affidavit was not attached to either plaintiff's Motion for Summary Judgment or to plaintiff's response to defendant's Cross Motion for Summary Judgment.

Case law is clear that a "Rule 59 (e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final judgment.  Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 867 (7th Cir. 1996) (emphasis added). "Motions for reconsideration …cannot …be employed as a vehicle to introduce evidence that could have been adduced during the pendency of the summary judgment motion."  Green v. Whiteco Indus., 17 F.3d 199, 202 n.5 (7th Cir. 1994) (case cites omitted).  Accordingly, Ms Millis' affidavit may not be used to bolster plaintiff's Motion to Alter or Amend.

 When viewed as a whole, plaintiff's statement in her Motion represents nothing more than her opinion that the Court "got it wrong," rather than pointing out any outright factual mistake or clear error of law in the Court's Memorandum Opinion.   See eg., Mendex v. The Radec Corporation, 411 F. Supp. 2d 347 350 (W.D.N.Y. 2006). Accordingly, plaintiff has not provided a sufficient basis for the Court to alter or amend its prior ruling.

<u>**CONCLUSION**</u>

Plaintiff's Motion to Alter or Amend Judgment does not argue any intervening change in controlling law or the availability of new evidence. Nor does it point to any clear error in the Court's Memorandum Opinion, or establish a need to prevent manifest injustice. Rather, it appears that plaintiff is merely arguing the same theories previously asserted. Accordingly, plaintiff's motion should be denied.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625
E-mail – maria.merkowitz@dc.gov


March 7, 2008