UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ETTA JALLOH, on behalf of her minor child, R.H., | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 07-63 (RMC) |
| DISTRICT OF COLUMBIA, | ) ) ) ) |  |
| Defendant. | ) ) |  |

**ORDER**

Etta Jalloh brought this suit on behalf of her son, R.H., a student eligible for special education and related services as emotionally disabled. Finding no reason to overturn the Hearing Officer Decision ("HOD") from which she appealed, on February 12, 2008, the Court granted summary judgment in favor of the District of Columbia Public Schools ("DCPS"). *See* Mem. Op. [Dkt. #18]. Ms. Jalloh now asks the Court to reconsider its decision.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District*

*of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Ms. Jalloh fails to meet this standard. She points to no intervening change in controlling law, no new evidence, and no need to correct a clear error or prevent manifest injustice; she merely argues that the Court's decision was incorrect.

First, she erroneously alleges that the Court "was silent" regarding her claim that R.H.'s current placement at Hamilton Center was inappropriate. The Hearing Officer found that under the IEP, R.H. was to receive specialized instruction and counseling, and that according to Mr. Ugoji's credible testimony, R.H. was receiving these services. Administrative Record ("A.R.") at 11. Ms. Jalloh, in fact, had testified that R.H.'s report cards were good and that his teachers all said he was making academic progress at Hamilton. *Id*. The Hearing Officer found, "There was insufficient evidence presented by parent's counsel, given the student was provided specialized instruction and related services at Hamilton, that the student was denied FAPE. The student's IEP should be reviewed and revised based on current evaluations and the appropriate placement then determined by a MDT." *Id*. The Court recounted these findings and affirmed. Mem. Op. at 16-17.

Second, Ms. Jalloh contends that her educational advocate, Ms. Millis, personally requested records from Hamilton, and that the hearing officer should have drawn negative inferences that R.H. had not received, and could not receive, a FAPE because DCPS had failed to provide the requested school records. In its Memorandum Opinion, the Court rejected this argument:

> Ms. Jalloh twice requested copies of records from DCPS. At the July 14, 2006 IEP meeting, she asked for report cards and progress reports. A.R. at 61-62. On September 5, 2006, counsel for Ms. Jalloh sent a letter to Chuck Ugoji, Special Education Coordinator at Hamilton,[1] asking for copies of the records concerning R.H. *See id*. at 119. The

---

[1] In July 2006, Mr. Ugoji had been Interim Principal at Hamilton. *See* A.R. at 63.

> Hearing Officer found that there is "no evidence the parent and/or her representative made an effort to go to Hamilton and copy the student's records. . . . The above cited provisions indicate counsel must do more than merely request copies of documents by letter." *Id.* at 9. The Court cannot fault the logic of the Hearing Officer. Ms. Jalloh argues, "Only an extremely narrow reading of the Plaintiff's written request and the SOPs would find that the Plaintiff had not requested access to the records." Pl.'s Mem. at 26. Counsel misses the point: although Ms. Jalloh and her counsel requested access to records regarding R.H., neither Ms. Jalloh nor her counsel followed up by going to Hamilton where the records were located to achieve that access. Thus, the hearing officer correctly concluded that he could not find that DCPS denied R.H. a FAPE based solely on the absence of records.

Mem. Op. at 11-12. It should also be noted that the Hearing Officer, in fact, did find that DCPS denied R.H. a FAPE by failing to provide an appropriate IEP for the 2005-06 school year. A.R. at 10. Further, the Hearing Officer ordered that evaluations be conducted and an MDT meet to revise the IEP as appropriate. *Id.* at 11.

In support of her motion to reconsider, Ms. Jalloh submitted for the first time an affidavit by Ms. Millis. Ms. Millis states that on July 19 and August 31, 2006 during meetings at Hamilton, she requested access to R.H.'s records but did not receive them. Pl.'s Mot. to Reconsider, Ex. 1, Millis Decl. The Court may not consider this affidavit as "new evidence," because Ms. Millis did not testify at the administrative hearing, there is no showing that she was unavailable, and this affidavit was not previously filed with the Court. Ms. Jalloh has not shown that this evidence was previously unavailable. A motion to reconsider is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Smith v. Hope Village, Inc.*, 481 F. Supp. 2d 172, 183-84 (D.D.C. 2007); *see also Green v. Whiteco Indus.*, 17 F.3d 199, 202 n.5 (7th Cir. 1994) ("motions for reconsideration . . . cannot . . . be employed as a vehicle to introduce evidence that could have been

adduced during the pendency of the summary judgment motion."). "Rule 59 was not intended to allow a second bite at the apple." *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 8 (D.D.C. 2005).

Because Ms. Jalloh's motion to reconsider merely argues that the Court's decision was incorrect, her motion is denied. Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to alter or amend judgment [Dkt. #22] is **DENIED**.

**SO ORDERED**.


Date: March 12, 2008    _____/s/_____
ROSEMARY M. COLLYER
United States District Judge